IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD R. PATTON                                                                          PLAINTIFF

v.                                      Civil No. 6:20-cv-06168

CAPTAIN JOSH LINGO, Hot Springs                                                   DEFENDANTS
County Jail; and SHERIFF MIKE CASH,
Hot Springs County

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Plaintiff filed his Complaint on December 21, 2020. (ECF No. 1). That same day, the Court ordered Plaintiff to complete an *in forma pauperis* ("IFP") application and file it with the Court by January 11, 2020 or pay the $350 filing fee and $52 administrative fee, a total of $402. (ECF No. 3). The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. *Id.* To date, Plaintiff has not submitted a completed IFP application or paid the filing fees and the order directing him to do so has not been returned as undeliverable.

On January 13, 2021, the Court ordered Plaintiff to show cause by January 25, 2021, as to why he failed to comply with the Court's order. (ECF No. 5). On January 21, 2021, Plaintiff filed a Response to the show cause order stating the IFP, "…application the courts ordered was mailed back to the office of the clerk. If that application was not received by the clerk, I would like to ask

1

the courts for another application and some time to submit."  (ECF No. 6).  On January 26, 2021, the Court entered an order directing the Clerk to mail Plaintiff another IFP application.  (ECF No. 7).  The order gave Plaintiff until February 16, 2021, to complete the application and return it to the Court for filing.  Plaintiff was once again advised that failure to return the completed application by the Court's deadline would result in the case being dismissed.  *Id.*  To date, Plaintiff has not returned the completed IFP application to the Court and the order directing him to do so has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the undersigned recommends that this case be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 24th day of February 2021.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE